UNITED STATES DISTRICT COURT
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Terrilyn Houston, et al.,** | ) | **CASE NO. 1:15 CV 1853** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Progressive Casualty Insurance Co.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### INTRODUCTION

This matter is before the Court upon Plaintiffs' Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs (Doc. 11). This case arises under the Fair Labor Standards Act. For the reasons that follow, the motion is GRANTED.

### FACTS

Plaintiffs, Terrilyn Houston and Chanda Schaffer, filed this lawsuit on behalf of themselves and other similarly situated individuals against defendant, Progressive Casualty Insurance Company. According to the allegations in the complaint, plaintiffs were employed by

1

defendant as Senior Claims Adjusters.  Plaintiffs allege that defendant required them to deduct either 30 or 60 minutes from their time cards each week for a meal period.  Plaintiffs claim that "they frequently did not receive meal periods and/or performed work during meal periods." (Doc. 10 at ¶ 19). Rather, defendant required plaintiffs to log out, yet continue to perform other clerical work.  Plaintiffs allege that this occurred as a result of the substantial work that plaintiffs had to perform.  Plaintiff Houston alleges that she performed work during her meal period approximately three times per week, while plaintiff Schaffer estimates that she performed work during meal periods approximately four times per week.  Plaintiffs bring a one-count complaint alleging a violation of the FLSA.

Plaintiffs move to conditionally certify a class consisting of:

All former and current Senior Claims Adjusters employed by Progressive Casualty Insurance Company at a central claims call center located in Ohio, Florida, and/or Texas at any time between September 10, 2012 and the present.

Defendant opposes plaintiffs' motion.

**ANALYSIS**

A.  Conditional certification

An employee may sue for violations of the FLSA on his or her own behalf and as a representative plaintiff on behalf of similarly situated employees.  29 U.S.C. § 216(b).  The similarly situated employees must opt-in by "giv[ing] [their] consent in writing to become such [ ] part[ies] and such consent [must be] filed in the court in which such action is brought." *Id.* This type of suit is called a "collective action."  A district court may, in its discretion, facilitate notice of the collective action to potential opt-in plaintiffs to efficiently adjudicate the FLSA collective action.  *See Hoffman–La Rouche Inc. v. Sperling,* 493 U.S. 165, 170 (1989).

Prior to determining whether an action may proceed as a collective action, a court must determine whether the prospective opt-in plaintiffs are similarly situated. *Comer v. Wal–Mart Stores, Inc.,* 454 F.3d 544, 546–47 (6th Cir. 2006) (internal citations omitted).  Courts generally use a two-stage approach to determine this issue. *Id. See also, Monroe v. FTS USA, LLC,* 257 F.R.D. 634, 637 (W.D. Tenn. 2009); *Murton v. Measurecomp, LLC,* No. 1:07CV3127, 2008 U.S. Dist. LEXIS 108060, at *6–7 (N.D. Ohio June 9, 2008).  During the first stage, which typically takes place at the beginning of discovery, the standard for conditional certification is "fairly lenient."  Courts generally require only a "modest factual showing" that the plaintiff's position is similar to that of other employees. *Comer*, 454 F.3d at 546–47 (quoting *Pritchard v. Dent Wizard Int'l,* 210 F.R.D. 591, 595 (S.D. Ohio 2002)).  During the second stage, the court makes a final determination on whether opt-in class members are similarly situated based upon a thorough review of the record after discovery is completed. *Schwab v. Bernard,* No. 5:11–cv–1216, 2012 WL 1067074 (N.D. Ohio March 28, 2012).  This final certification decision is normally based on a variety of factors, including "factual and employment settings of the individual[ ] plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action." *O'Brien v. Ed Donnelly Enters., Inc.,* 575 F.3d 567, 584 (6th Cir. 2009) (citations omitted).

Defendant argues that conditional certification is not proper because plaintiffs' bare allegations and declarations are insufficient.  According to defendant, the declarations do not establish that the potential opt-in plaintiffs were subject to an "across-the-board unlawful practice that render[s] [the opt-in plaintiffs] similarly situated" to the named plaintiffs.

3

Defendant also points out that there are no allegations that defendant knew or had reason to know that plaintiffs worked more than 40 hours per week.  According to defendants, these allegations are required in order to obtain conditional certification.

Plaintiffs respond that they have in fact identified a common policy.  Plaintiffs point out that they allege that "defendant's practices and policies of not paying plaintiffs and other similarly situated Senior Claims Adjusters for meal periods during which they performed work violated the FLSA...."  Moreover, according to plaintiffs, Sixth Circuit law does not require the identification of a common policy or plan.  Plaintiffs argue that their allegations, together with plaintiffs' declarations, are sufficient to meet the low burden required for conditional certification.

Upon review, the Court agrees with plaintiffs.  In *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), the Sixth Circuit addressed the propriety of a motion to decertify an FLSA class.  The court expressly held that "showing a 'unified policy' of [FLSA] violations is not required...."  Thus, while it is "clear that plaintiffs are similarly situated when they suffer from a single, FLSA–violating policy," it is not a prerequisite for conditional certification.  *Id*. at 585.  Thus, any alleged failure on plaintiffs' part to identify a common policy or plan is not in and of itself fatal to conditional certification.[1]  Moreover, even if such a

---

[1] Defendant argues this point again at length in section B of its brief. Defendant, however, wholly fails to cite or discuss *O'Brien*, the leading Sixth Circuit case on FLSA certification.  As set forth herein, *O'Brien* flatly refutes defendant's argument that a unified policy is required for conditional certification.  Moreover, *O'Brien* addressed a motion to *decertify*, which imposes a more stringent burden than is applicable to plaintiff's motion for conditional certification.

4

requirement existed, plaintiffs allege that defendant maintained a practice and policy of not paying plaintiffs and other senior claims adjusters for meal periods during which they performed work but were not paid. Plaintiffs' declarations include employees from three different locations. Although defendant vehemently disputes that such a policy exists and even points to written policies and affidavits suggesting that the precise opposite policy exists, the Court cannot make merits-based determinations at the conditional certification stage.[2]

Having reviewed the allegations in the complaint and the affidavits submitted by the named and opt-in plaintiffs, the Court finds that plaintiffs satisfy the "similarly situated" requirement for purposes of conditional certification. Plaintiffs provide their own declarations, in which both state that they and the "class members," *i.e.* Senior Claims Adjusters, did not receive meal periods yet performed work during these periods without compensation. In addition, plaintiffs offer declarations from ten opt-in plaintiffs. As defendant notes, these declarations do not contain much detail and the substance of all ten declarations is identical. The fact that they may be "copycat declarations" is not a sufficient basis to deny conditional certification. The declarations, which were signed under penalty of perjury, show that the opt-in plaintiffs worked as Senior Claims Adjusters and were all required by defendant to deduct 30 or 60 minutes for meal periods. All further declare that they were required to perform work during their meal breaks, which resulted in overtime violations. In addition, they declare that they observed defendant require the same of other employees. Upon review, the Court finds that the

---

[2] For the same reason, the Court rejects defendants' argument that the complaint does not contain any allegation that defendant knew plaintiffs worked overtime. These arguments attack the sufficiency of plaintiffs' claim and will not be considered at this stage in the litigation.

allegations in the complaint, together with the declarations, are sufficient to meet plaintiffs' burden of making a modest factual showing that plaintiffs and the class are similarly situated.

In addition to plaintiffs' allegations and declarations, defendants' declarations suggest that all Senior Claims Adjusters were subjected to the same policies.  Although defendant claims that policies are directly at odds with the policies alleged in the complaint, the affidavits nonetheless indicate that these employees are similarly situated.  For example, John Hogan, the senior manager at defendant's Mayfield, Ohio location declares that Senior Claims Adjusters are responsible for making calls relating to insurance claims.  In addition, senior claims adjusters record their own time, are not permitted to work without recording time, and are permitted to take advantage of three hours of overtime without obtaining approval.  Defendant provided similar affidavits from managers at other locations. Although defendants' declarations suggest that plaintiffs' allegations that Senior Claims Adjusters are required to work during their lunch break are not true, the Court is not permitted to make credibility determinations during this stage of the proceedings.  *See, Monroe v. FTS USA, LLC*, 257 F.R.D. 634, 637 (W. D. Tenn. 2009). These declarations, however, provide further support that Senior Claims Adjusters are similarly situated to one another because they were subjected to the *same* policies.

Defendant argues that the potential class of opt-in plaintiffs are not similarly situated because their differing experiences show the individualized nature of their claims.  Specifically, defendant points out the following:

- Plaintiffs' own affidavits show that the class members are not similarly situated because the length of time of the meal periods differed, as well as the number of times per week they worked during their meal breaks;

6

- Some Senior Claims Adjusters worked from home[3];

- The declarations offered by defendant show vastly differing ways in which defendant's employees utilized their meal break period. By way of example, some eat at the cafeteria, some leave defendant's campus, while others utilize the fitness center;

- Determining damages will necessarily require individualized inquiries because defendant is liable only if plaintiffs worked during their meal periods *and* the total number of hours worked each week required the payment of overtime; and

- Defendant maintains a policy pursuant to which employees can claim up to three hours of overtime per week without obtaining approval. Plaintiffs frequently recorded no overtime in a particular week. Thus, plaintiffs could have performed the work at the end of their shifts and claimed overtime.

Upon review, however, the Court finds that these issues are more appropriately addressed in the context of a motion to *decertify*. Although the points defendant makes may have some appeal, the burden at the pre-discovery conditional certification stage is slight. The types of arguments raised by defendants relate to the "factual and employment settings of the individual plaintiffs" and "the different defenses to which the plaintiffs may be subject on an individual basis." The Sixth Circuit has noted, however, that these are the types of factors district courts use in "their final-certification decisions." *O'Brien*, 575 F.3d at 584.[4]

---

[3] In the reply brief, plaintiffs note that the proposed class definition does not include employees that worked from home. Accordingly, this difference is moot.

[4] Defendant relies on this Court's decision in *Triggs v. Lowe's Home Centers, Inc.*, 1:13 CV 1897 (N. D. Ohio Aug. 19, 2014) wherein the Court denied plaintiff's motion for conditional certification. Defendant's reliance is misplaced for two primary reasons. First, the case had proceeded through discovery, including interrogatory responses, the production of over 4,000 pages of documents, and nine depositions. Therefore, the Court applied the more stringent "modest plus" factual showing. Second, defendant itself argued and provided evidence suggesting that its employment practices

For these reasons, the Court finds that plaintiffs are entitled to conditional certification of a class consisting of:

> All former and current Senior Claims Adjusters employed by Progressive Casualty Insurance Company at a central claims call center located in Ohio, Florida, and/or Texas at any time between September 10, 2012 and the present.

B.  Expedited opt-in discovery

Plaintiffs move the Court for an order compelling expedited discovery.  A review of plaintiffs' discovery demonstrates that plaintiffs seek contact information and employment dates for potential opt-in class members.  Defendant did not respond to plaintiffs' request.  The Court finds that the discovery sought is reasonable and, therefore, plaintiffs' request is GRANTED. Defendant must respond to the requests within 14 days of the date of this Order. In addition, the parties are directed to meet and confer regarding the content of the Notice to be sent to potential class members.

### **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs (Doc.11) is GRANTED.

IT IS SO ORDERED.

                                                    /s/ Patricia A. Gaughan
                                                    PATRICIA A. GAUGHAN
Dated: 12/11/15                        United States District Judge

---

varied widely.  Here, however, defendant makes no such argument.
Therefore, *Triggs* does not assist defendant.